# Supreme Court of Florida

_____

No. SC18-2019

_____

**IN RE:  AMENDMENTS TO RULE REGULATING THE FLORIDA BAR 4-7.14.**

June 27, 2019

PER CURIAM.

The Florida Bar petitions the Court to amend Rule Regulating the Florida Bar (Bar Rule) 4-7.14 (Potentially Misleading Advertisements).  We have jurisdiction.  *See* art. V, § 15, Fla. Const.

The Bar proposes removing the requirement from Bar Rule 4-7.14 that a lawyer must be board certified to claim expertise or specialization in advertisements.  It also proposes adding new language to the rule, as well as to the rule's commentary, setting out when a law firm or lawyer who is not board certified may claim specialization or expertise.[1]  The proposed amendments are in response to *In re Amendments to the Rules Regulating the Florida Bar (Biennial*

---

1. In addition, the Bar proposes making a number of nonsubstantive amendments throughout rule 4-7.14 for clarity and to conform to the Court's guidelines for rule submissions.

*Petition)*, 234 So. 3d 577 (Fla. 2017), where the Court rejected as problematic the Bar's initial attempt to address the United States District Court for the Northern District of Florida's decision in *Searcy v. Florida Bar*, 140 F. Supp. 3d 1290 (N.D. Fla. 2015), which held, in relevant part, that provisions in Bar Rule 4-7.14(a) broadly prohibiting lawyers who were not board certified from making truthful statements that they "specialize in" or "have expertise in" a particular field of practice were unconstitutional.

The Bar's proposal in this case was approved by the Board of Governors of The Florida Bar, and formal notice of the proposed amendments was published in *The Florida Bar News*. The notice directed interested persons to file their comments directly with the Court. The Court received one comment from attorney Joseph Schimmel, who identified what he believed to be several ambiguities in the Bar's proposal. The Bar filed a response and an amended proposal correcting many of the issues identified by Mr. Schimmel.

Having considered the Bar's petition, the comment filed, and the Bar's response and amended proposal, the Court hereby adopts the amendments to Bar Rule 4-7.14 contained in the Bar's amended proposal with the following modifications. We replace the word "and" in new subdivision (a)(5) and in the new comment with "or" to clarify that a lawyer may claim specialization or expertise if he or she can objectively verify the claim based on his or her

"education, training, experience, or substantial involvement in the area of practice." We also delete from the new comment the phrase "that is generally understood within the legal community to be."

Accordingly, Rule Regulating the Florida Bar 4-7.14 is amended as set forth in the appendix to this opinion. Deletions are indicated by struck-through type, and new language is indicated by underscoring. The amendments shall become effective on August 26, 2019.

It is so ordered.

CANADY, C.J., and POLSTON, LABARGA, LAWSON, LAGOA, LUCK, and MUÑIZ, JJ., concur.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

Original Proceeding – Florida Rules Regulating the Florida Bar

Joshua E. Doyle, Executive Director, Michelle R. Suskauer, President, John M. Stewart, President-elect, Lori S. Holcomb, Director, Division of Ethics and Consumer Protection, and Elizabeth Clark Tarbert, Ethics Counsel, The Florida Bar, Tallahassee, Florida,

    for Petitioner

Joseph Barry Schimmel and Robert M. Sondak of Cohen, Chase, Hoffman & Schimmel, P.A., Miami, Florida,

    Responding with comments

**Appendix**

RULES REGULATING THE FLORIDA BAR

**CHAPTER 4.  RULES OF PROFESSIONAL CONDUCT**
**4-7. INFORMATION ABOUT LEGAL SERVICES**
**RULE 4-7.14  POTENTIALLY MISLEADING ADVERTISEMENTS**

A lawyer may not engage in potentially misleading advertising.

**(a)  Potentially Misleading Advertisements.**  Potentially misleading advertisements include, but are not limited to:

(1)  advertisements that are subject to varying reasonable interpretations, 1 or more of which would be materially misleading when considered in the relevant context;

(2)  advertisements that are literally accurate, but could reasonably mislead a prospective client regarding a material fact;

(3)  references to a lawyer's membership in, or recognition by, an entity that purports to base ~~such~~the membership or recognition on a lawyer's ability or skill, unless the entity conferring ~~such~~the membership or recognition is generally recognized within the legal profession as being a bona fide organization that makes its selections based ~~up~~on objective and uniformly applied criteria, and that includes among its members or those recognized a reasonable cross-section of the legal community the entity purports to cover;

(4)  a statement that a lawyer is board certified~~, a specialist, an expert,~~ or other variations of ~~those terms~~that term unless:

(A)  the lawyer has been certified under the Florida Certification Plan as set forth in chapter 6, Rules Regulating the Florida Bar, and the advertisement includes the area of certification and that The Florida Bar is the certifying organization;

(B)  the lawyer has been certified by an organization whose specialty certification program has been accredited by the American Bar Association or The Florida Bar as provided elsewhere in these rules.  A lawyer certified by a specialty certification program accredited by the American Bar Association but not The Florida Bar must include the statement "Not Certified as a Specialist by The Florida Bar" in reference to the

specialization or certification. All such advertisements must include the area of certification and the name of the certifying organization; or

(C)  the lawyer has been certified by another state bar if the state bar program grants certification on the basis of standards reasonably comparable to the standards of the Florida Certification Plan set forth in chapter 6 of these rules and the advertisement includes the area of certification and the name of the certifying organization.

~~In the absence of such certification, a lawyer may communicate the fact that the lawyer limits his or her practice to 1 or more fields of law; or~~

(5)  a statement that the lawyer is a specialist or an expert in an area of practice, or other variations of those terms, unless the lawyer is certified under the Florida Certification Plan or an American Bar Association or Florida Bar accredited certification plan or the lawyer can objectively verify the claim based on the lawyer's education, training, experience, or substantial involvement in the area of practice in which specialization or expertise is claimed;

(6)  a statement that a law firm specializes or has expertise in an area of practice, or other variations of those terms, unless the law firm can objectively verify the claim as to at least 1 of the lawyers who are members of or employed by the law firm as set forth in subdivision (a)(5) above, but if the law firm cannot objectively verify the claim for every lawyer in the firm, the advertisement must contain a reasonably prominent disclaimer that not all lawyers in the firm specialize or have expertise in the area of practice in which the firm claims specialization or expertise; or

(57)  information about the lawyer's fee, including those that indicate no fee will be charged in the absence of a recovery, unless the advertisement discloses all fees and expenses for which the client might be liable and any other material information relating to the fee.  A lawyer who advertises a specific fee or range of fees for a particular service must honor the advertised fee or range of fees for at least 90 days unless the advertisement specifies a shorter period; provided that, for advertisements in the yellow pages of telephone directories or other media not published more frequently than annually, the advertised fee or range of fees must be honored for no less than 1 year following publication.

**(b)  Clarifying Information.**  A lawyer may use an advertisement that would otherwise be potentially misleading if the advertisement contains information or statements that adequately clarify the potentially misleading issue.

## Comment

### Awards, ~~Honors~~honors, and ~~Ratings~~ratings

Awards, honors, and ratings are not subjective statements characterizing a lawyer's skills, experience, reputation, or record. Instead, they are statements of objectively verifiable facts from which an inference of quality may be drawn. It is therefore permissible under the rule for a lawyer to list bona fide awards, honors, and recognitions using the name or title of the actual award and the date it was given.  If the award was given in the same year that the advertisement is disseminated or the advertisement references a rating that is current at the time the advertisement is disseminated, the year of the award or rating is not required.

For example, the following statements are permissible:

"John Doe is AV rated by Martindale-Hubbell. This rating is Martindale-Hubbell's highest rating."

"Jane Smith was named a 2008 Florida Super Lawyer by Super Lawyers Magazine."

### Claims of ~~Board Certification, Specialization or Expertise~~board certification, specialization, or expertise

This rule permits a lawyer or law firm to indicate areas of practice in communications about the lawyer's or law firm's services, provided the advertising lawyer or law firm actually practices in those areas of law at the time the advertisement is disseminated. If a lawyer practices only in certain fields, or will not accept matters except in ~~such~~those fields, the lawyer is permitted to indicate that.  A lawyer also may indicate that the lawyer concentrates in, focuses on, or limits the lawyer's practice to particular areas of practice as long as the statements are true.  A lawyer who is not certified by The Florida Bar, by another state bar with comparable standards, or an organization accredited by the American Bar Association or The Florida Bar may not be described to the public as ~~a "specialist," "specializing,"~~ "certified," or "board certified," ~~being an "expert," having "expertise,"~~ or any variation of similar import. ~~A lawyer may indicate that the lawyer concentrates in, focuses on, or limits the lawyer's practice to particular areas of practice as long as the statements are true.~~

Certification is specific to individual lawyers; a law firm cannot be certified, and cannot claim specialization or expertise in an area of practice per subdivision (c) of rule 6-3.4. Therefore, an advertisement may not state that a law firm is certified, has expertise in, or specializes in any area of practice.

A lawyer can only state or imply that the lawyer is "certified," a "specialist," or an "expert" in the actual area(s) of practice in which the lawyer is certified. A lawyer who is board certified in civil trial law, may so state that, but may not state that the lawyer is certified, an expert in, or specializes in personal injury. Similarly, a lawyer who is board certified in marital and family law may not state that the lawyer specializes in divorce.

The criteria set forth in the Florida Certification Plan are designed to establish a reasonable degree of objectivity and uniformity so that the use of the terms "specialization," "expertise," or other variations of those terms, conveys some meaningful information to the public and is not misleading. A lawyer who meets the criteria for certification in a particular field automatically qualifies to state that the lawyer is a specialist or expert in the area of certification. However, a lawyer making a claim of specialization or expertise is not required to be certified in the claimed field of specialization or expertise or to have met the specific criteria for certification if the lawyer can demonstrate that the lawyer has the education, training, experience, or substantial involvement in the area of practice commensurate with specialization or expertise.

A law firm claim of specialization or expertise may be based on 1 lawyer who is a member of or employed by the law firm either having the requisite board certification or being able to objectively verify the requisite qualifications enumerated in this rule. For purposes of this rule, a lawyer's "of counsel" relationship with a law firm is a sufficiently close relationship to permit a law firm to claim specialization or expertise based on the "of counsel" lawyer's board certification or qualifications only if the "of counsel" practices law solely through the law firm claiming specialization or expertise and provides substantial legal services through the firm as to allow the firm to reasonably rely on the "of counsel" qualifications in making the claim.

**Fee and ~~Cost Information~~cost information**

Every advertisement that contains information about the lawyer's fee, including a contingent fee, must disclose all fees and costs that the client will be liable for. If the client is, in fact, not responsible for any costs in addition to the fee, then no disclosure is necessary. For example, if a lawyer charges a flat fee to

create and execute a will and there are no costs associated with the services, the lawyer's advertisement may state only the flat fee for that service.

However, if there are costs for which the client is responsible, the advertisement must disclose this fact. For example, if fees are contingent on the outcome of the matter, but the client is responsible for costs regardless of the matter's outcome, the following statements are permissible: "No Fee if No Recovery, but Client is Responsible for Costs," "No Fee if No Recovery, Excludes Costs," "No Recovery, No Fee, but Client is Responsible for Costs" and other similar statements.

On the other hand, if both fees and costs are contingent on the outcome of a personal injury case, the statements "No Fees or Costs If No Recovery" and "No Recovery–No Fees or Costs" are permissible.